UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JOEL ROBBINS,<br><br>*Defendant*. | Crim No. 18-428 (KSH)<br><br><br><br>**MEMORANDUM OPINON<br>AND ORDER** |

Defendant Joel Robbins has written to the Court (D.E. 41), objecting to its Order (D.E. 40), that addresses the garnishment successfully sought by the government (D.E. 37, Turnover Order) in aid of collecting restitution Robbins owes as part of his sentence of 151 months imprisonment after he pleaded guilty to a series of robberies of financial institutions, a liquor store, and a gas station. Judgment was entered on January 9, 2019. (D.E. 32.) Robbins argues that the funds the government seized under the Turnover Order from his Bureau of Prisons ("BOP") Trust Account, $1,182.64, must be restored. The Court treats Robbins's letter as seeking reconsideration of D.E. 40, recognizing that D.E. 40 grants Robbins a period of "at least two years" from May 21, 2025 during which the government shall not seek another turnover order for funds in his BOP Trust Account.

Regarding Robins's restitution debt, as of April 10, 2025, a combined balance of $45,007.30 remained unpaid consisting of $600 mandatory assessment and restitution owed to the victims. Robbins objects to the garnishment on grounds that, per the Court's recommendation in his judgment of restitution and forfeiture, he was participating in the BOP Inmate Financial Responsibility Program ("IFRP") and thereby regularly paying $25 every 3 months. He characterizes the Turnover Order as "going against" the terms of his sentence,

1

relying on page 7 of the Judgment, and argues that the government's action "essentially prevents me from continuing my education, getting certifications and programming that could potentially reduce my recidivism and opportunities for success upon my release." (D.E. 38.) He points out that his BOP Trust Account, as a result of the Turnover Order, now has a balance of pennies, halting ongoing restitution paydown through the IFRP.

In submitting the Turnover Order for the Court's signature, the government filed a memo dated April 22, 2025 (D.E. 36) explaining its legal rights to all the funds in Robbins's account "or whatever lesser amount the Court orders turned over," and arguing that the approximately $1,200 balance then in the account "is likely to be the most substantial sum of money that the Defendant will have to apply to his Special Assessment and Restitution debt." The Court signed the Turnover Order, allowing the BOP to remit the requested amount from Robbins's BOP Trust Account. (D.E. 37.) After Robbins objected (D.E. 38), the government submitted a memo (D.E. 39) citing caselaw supporting its argument that the requirement in the Court's sentence as rendered that restitution was "due immediately" permits the garnishment of all the funds in Robbins's BOP Trust Account. At that point, the Court signed D.E. 40, which provides for a hiatus period. According to the government's papers, Robbins's release date is November 28, 2028.

As Robbins recognizes in attaching pages 35-36 of the sentencing transcript, the Court definitively pronounced that "Restitution is due immediately." (D.E. 35, January 7, 2019 Sentencing Transcript at 35:25; D.E. 31, Minutes of Proceeding.) As such, the government was entitled to seek the Turnover Order. *See United States v. Shusterman*, 331 F. App'x 994, 996-97, 997 n.2 (3d Cir. 2009) (holding that if the judgment provides that a fine or restitution is "due immediately" the government may utilize "garnishment as an additional means to collect the

restitution judgment," even where the court did not state at the sentencing hearing that restitution would be due immediately). In deciding to forego further collection efforts like this one for a minimum of 2 years, the government recognizes the impact of emptying Robbins's account. The Court notes too that the government is not disputing his representations about what he intended to do with those moneys, or that he was faithfully adhering to the deductions of $25 every 3 months from his account. While legally Robbins is not entitled to rest on the ongoing deductions as a bar to the government's garnishment effort, it appears he has been faithful to the instructions on page 7 of the Judgment.

Under Fed. R. Crim. P. 36, the Clerk is directed to file an Amended Judgment so that page 7 of the Judgment, along with the instructions about participation in the IFRP, also reflects the Court's direction at sentencing that restitution is due immediately. Robbins's periodic payments under the IFRP will be suspended for a period of 2 years, effective immediately, to allow him to build up his BOP Trust Account. Should the government seek a turnover of funds after the 2-year hiatus provided in D.E. 40, it shall notify Robbins in advance. Robbins shall disclose at that time what portion of his account was utilized between now and then for continuing his education, obtaining certifications, and participating in programming.

Robbins's request for reconsideration of D.E. 40 is otherwise denied.

**SO ORDERED** this 16th day of July, 2025.

*/s/ Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.